**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| CHARLESTINA BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 0:11-1586-CMC |
| vs. ) | |
| ) | |
| GC SERVICES, L.P., ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

**COMPLAINT**

NOW COMES the Plaintiff, CHARLESTINA BANKS, by and through her attorney, JAMES M. ERVIN, and for her Complaint against the Defendant, GC SERVICES, L.P., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3. Plaintiff is an individual who was at all relevant times residing in Winnsboro, South Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a limited partnership of the State of Delaware, which is licensed to do business in South Carolina and which has its principal place of business in Houston, Texas.

## ALLEGATIONS

8. During or about January of 2011, Defendant's representatives and/or employees began contacting Plaintiff in attempts to collect the aforementioned alleged debt.

9. During or about March of 2011, a representative and/or employee of Defendant who represented herself as "Kim" (last name unknown) contacted Plaintiff by telephone at Plaintiff's place of employment.

10. During said conversation, Plaintiff informed Kim that she was not permitted to receive calls from Defendant at her place of employment.

11. Nevertheless, Defendant's representatives and/or employees continued to contact Plaintiff by telephone at her place of employment, including but not limited to calls placed to Plaintiff on or about April 26, 2011, April 29, 2011 and May 3, 2011.

12. In addition, after having already successfully made contact with Plaintiff, Defendant's representative and/or employee disclosed the name of the Defendant company during a telephone conversation with Plaintiff's supervisor at Plaintiff's place of employment.

13. Defendant's representative and/or employee also stated to Plaintiff's supervisor at Plaintiff's place of employment that Plaintiff owed an alleged debt.

14. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

   b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

   c. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

   d. Communicating with Plaintiff at her place of employment after she advised Defendant that her employer prohibited her from receiving such phone calls while she is working, in violation of 15 U.S.C. § 1692c(a)(3); and

   e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, CHARLESTINA BANKS, respectfully prays for a judgment against Defendant as follows:

   a. Statutory damages of $1,000.00 for each violation of the FDCPA;

   b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

   c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ James M. Ervin
James M. Ervin
Federal Bar ID No. 9537
Attorney for Plaintiff
Luxenburg & Levin, LLC
600 Columbia Avenue
Lexington, SC 29072
(888) 493-0770, ext. 308 (phone)
(866) 551-7791 (facsimile)
James@LuxenburgLevin.com